WEIMER, J.,
 

 concurring in part, dissenting in part.
 

 hThe trial court did not abuse its great discretion and the State should be barred from presenting any evidence regarding the drug transaction and seized drugs. However, the State should be allowed to present evidence to establish the police officers were in the residence after conducting surveillance and were given consent to search.
 

 JOHNSON, J.,
 

 would deny the writ application.
 

 | defendant was charged by bill of information with two counts: felon in possession of a firearm (violation of La. R.S. 14:95.1) and illegal simultaneous possession of guns and drugs [violation of La. R.S. 14:95(E) ]. The trial court severed the two counts, and the State elected to proceed to trial solely on the felon in possession of a firearm charge. The State’s writ application seeks permission to introduce evidence/testimony relative to NOPD’s surveillance of the defendant for drug activity and NOPD’s finding and seizure of drugs, along with the firearms, as a result of the surveillance. Because the drug charge has been severed from the weapon possession charge, such evidence consti
 
 *376
 
 tutes inadmissible “other crimes” evidence. Thus, I find no abuse of discretion on the part of the trial court in granting defendant’s motion in limine.